UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUEMONDO GOOSBY,

    Petitioner,                      CASE NO. 2:09-CV-11995
v.                                HONORABLE ARTHUR J. TARNOW UNITED
                                    STATES DISTRICT JUDGE

THOMAS K. BELL,

    Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Ruemondo Goosby, ("Petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for carjacking, M.C.L.A. 750.529a; and armed robbery, M.C.L.A. 750.529. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. Petitioner filed an appeal of right, in which he raised the following claims:

> I. The evidence of a telephone threat against Earl Rembert was violative of the Confrontation Clause and State hearsay prohibitions, and accordingly was inadmissible under federal and state constitutions and state and federal evidentiary law.
>
> II. Trial counsel was ineffective in failing to timely object to evidence of a telephone threat against Earl Rembert and in compounding the prejudice(sic) effect of the inadmissible testimony in cross-examination.

1

*Goosby v. Bell,* U.S.D.C. No. 09-11995

> III. The prosecutor engaged in misconduct which deprived appellant of a fair trial when she intentionally elicited highly prejudicial testimony from a key prosecution witness and in sum, motion(sic) distorted her burden of proof by informing the jurors that they were required to decide which side's witnesses were telling the truth, called appellant a liar and accused defense counsel of risking the life of a witness and suborning perjury.
>
> IV. The court denied appellant due process when it instructed the deliberating jury that its request for a definition of probable cause was irrelevant.

Petitioner's conviction was affirmed on appeal. *People v. Goosby,* No. 278796 (Mich.Ct.App. October 16, 2008); *lv. den.* 483 Mich. 914; 762 N.W. 2d 497 (2009).

On May 26, 2009, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the four grounds that he raised in the Michigan courts. Petitioner also seeks to raise the following fifth claim, which by his own admission, has yet to be exhausted with the state courts:

> V. Trial counsel and appellant counsel were ineffective in their representation of defendant when it:
>
> A. Counsel failed to challenge the array of photographic and corporal lineups given to defendant to identify him without first determining that counsel('s) assistance was necessary before any line-ups were given.
>
> B. Appellant counsel failed to raise ineffective assistance of counsel claims on trial counsel's failure to challenge the line-ups.
>
> C. Counsel failed to challenge the fruits of the illegal arrest of petitioner and challenge the testimony of prosecutor's key witness to impeach his testimony.
>
> D. Appellant counsel failed to raise the issue of direct verdict/sufficiency of evidence preserved by trial counsel on appeal to be reviewed by Appellant courts in the state.

*Goosby v. Bell,* U.S.D.C. No. 09-11995

## II.  Discussion

The instant petition must be dismissed because it contains claims that petitioner has failed to exhaust with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995).  A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).  The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner's fifth claim, which contains multiple allegations ineffective assistance of trial and appellate counsel, is unexhausted, because these ineffective assistance of counsel claims were never presented to the state courts. Although petitioner raised a claim on direct appeal that counsel failed to object to the admission of evidence of a telephone threat against Earl Rembert and in compounding the prejudicial effect of inadmissible testimony in cross-examination, the presentation of

*Goosby v. Bell,* U.S.D.C. No. 09-11995

this ineffective assistance of counsel claim on direct appeal would be insufficient to exhaust petitioner's new ineffective assistance of counsel claims, for the purpose of habeas review.

The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990). Because the ineffective assistance of counsel claims contained in petitioner's fifth claim are different than the ineffective assistance of counsel claims presented during petitioner's direct appeals process, the ineffective assistance of counsel claims contained in petitioner's fifth claim have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987).

Petitioner contends that he should be excused from exhausting these claims, because his appellate counsel was ineffective for failing to raise these claims in his brief before the Michigan Court of Appeals.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all

4

*Goosby v. Bell,* U.S.D.C. No. 09-11995

available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to the issues contained in petitioner's fifth claim on petitioner's direct appeal would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust these new claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures); *Booker v. Kelly,* 636 F. Supp. 319, 321, n. 3 (W.D.N.Y. 1986)(allegation that unreasonable delay by assigned counsel prevented petitioner from presenting his claims on direct appeal in state court did not excuse petitioner from exhausting his state court remedies prior to filing a petition for writ of habeas corpus, absent a showing that all state procedures had been rendered ineffective).

Petitioner's method of properly exhausting his unexhausted claims in the state courts would be through filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714,

...

*Goosby v. Bell,* U.S.D.C. No. 09-11995

717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in a post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies with respect to the issues contained in his fifth claim. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), a stay of the petition is uneccesary in this case. The Michigan Supreme Court denied petitioner's application for leave to appeal on March 23, 2009. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment would become final, for the purpose of commencing the running of the one year limitations period, on June 21, 2009. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).

*Goosby v. Bell,* U.S.D.C. No. 09-11995

Petitioner filed the instant petition with this Court on May 26, 2009, before petitioner's conviction became final with the state courts. Moreover, 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001); *See also Heximer v. Berghuis,* No. 2008 WL 4539431, * 3 (E.D. Mich. October 6, 2008).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  June 25, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 25, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary